**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

REBECCA ANN BURKMAN                                                    **PLAINTIFF**

v.                                                    **CIVIL ACTION NO. 4:17-CV-150-RP**

COMMISSIONER OF SOCIAL SECURITY                                **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Rebecca Ann Burkman filed suit under 42 U.S.C. § 405(g) for judicial review of
the unfavorable decision of the Commissioner of Social Security regarding an application for
disability insurance benefits and and supplemental security income. The parties have consented
to entry of final judgment by the United States Magistrate Judge under the provision of 28
U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 13. The
Court, having considered the record, the administrative transcript, the briefs of the parties, the
oral arguments of counsel and the applicable law, and as explained further from the bench at the
conclusion of the hearing hereon, finds as follows:

The Commissioner's decision is reversed for the ALJ's failure to fully and fairly develop
the record as to the severity of Plaintiff's rheumatoid arthritis ("RA").  Under 20 C.F.R.
404.1519a(b)(1) and (4), the Commissioner has the discretion to order a consultative
examination when evidence is needed that is not contained within the records of the medical
sources and there is an indication of a change in condition that is likely to affect the ability to
work, but the current severity of the impairment is not established. The Commissioner's
discretion is limited where a claimant "raises the requisite suspicion" that such an examination is
necessary to discharge the ALJ's duty of full inquiry. *Haywood v. Sullivan*, 888 F.2d 1463, 1472

(5th Cir. 1989). The Court finds that Plaintiff successfully raised the requisite suspicion warranting a consultative examination through her own testimony at the ALJ hearing, Beverly Lott's testimony regarding Plaintiff's physical limitations and the worsening of her condition, and the September 21, 2016 RA Latex Turbid Test demonstrating abnormally elevated results. The ALJ found Plaintiff's history of rheumatoid arthritis to be a severe impairment; however, the ALJ denied Plaintiff's request for a consultative examination despite there being evidence – medical and otherwise – indicating a worsening of that condition, and despite the current severity of that condition not having been established. The ALJ should have ordered a consultative examination, and the Court remands this matter with instructions to fully develop the record as to the severity of Plaintiff's rheumatoid arthritis and her associated functional limitations.

   **SO ORDERED AND ADJUDGED**, this the 20th day of June, 2018.

        /s/ Roy Percy
        UNITED STATES MAGISTRATE JUDGE